UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RENELL WILLIAMS**                              **CIVIL ACTION**

**VERSUS**                                        **NO: 24-2869**

**STARR INDEMNITY &**
**LIABILITY CO. ET AL.**                          **SECTION "H"**

### ORDER AND REASONS

Before the Court is Defendant Starr Indemnity & Liability Co.'s Motion to Dismiss (Doc. 11). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

On November 6, 2024, Plaintiff Renell Williams filed suit for injuries she sustained while at Defendant Venture Global Plaquemines LNG, LLC's ("Venture") construction site. Plaintiff added as defendants her employer, Venture, and Venture's insurer, Starr Indemnity & Liability Co. ("Starr"). Starr has moved to dismiss the claims against it, arguing that pursuant to the recent amendments to Louisiana's Direct Action Statute, an insurer may only be named as a defendant by an injured third party under a few limited exceptions that do not apply here. Plaintiff has failed to file an opposition to this Motion. The Court may not simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with

1

considerable aversion.[1] Accordingly, the Court will consider Starr's Motion on its merits.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

---

[1] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam)*;* John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.)*,* 757 F.2d 698, 709 (5th Cir.1985).
[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[3] *Id.*
[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[5] *Iqbal*, 556 U.S. at 678.
[6] *Id.*
[7] *Lormand*, 565 F.3d at 255–57.
[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

Louisiana's amended Direct Action Statute became effective on August 1, 2024. Although the injury at issue here occurred in November 2023, Plaintiff did not file suit until November 2024. Because the amended Direct Action Statute reflects procedural law and there exists no legislative expression to the contrary, it applies retroactively.[9] Therefore, it applies here where Plaintiff's petition was not filed until after the amendments became effective.

The amended Direct Action Statute provides that an injured third party may only add an insurer as a defendant under limited circumstances. They include when:

> (a) The insured files for bankruptcy in a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
> (b) The insured is insolvent.
> (c) Service of citation or other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service.
> (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
> (e) When the insurer is an uninsured motorist carrier.
> (f) The insured is deceased.
> (g) When the insurer is defending the lawsuit under a reservation of rights, or the insurer denies coverage to the insured, but only for the purpose of establishing coverage.[10]

Plaintiff's Petition does not allege any of these circumstances, and she has not filed an opposition indicating that any of these circumstances is

---

[9] Howard v. J&B Hauling, LLC, No. CV 22-993, 2024 WL 4647820, at *4 (E.D. La. Sept. 26, 2024).

[10] LA. REV. STAT. § 22:1269.

3

present. Plaintiff's Petition alleges only that Starr provided a liability policy to Venture that provides coverage for her damages. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Starr.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, and Plaintiff's claims against Defendant Starr are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 20th day of March, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**