# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**RENELL WILLIAMS**                          **CIVIL ACTION**

**VERSUS**                                   **NO: 24-2869**

**STARR INDEMNITY & LIABILITY**
**CO. ET AL.**                               **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendant Venture Global Plaquemines LNG, LLC's Motion for Summary Judgment (Doc. 26). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Renell Williams brought this action in state court against Defendant Venture Global Plaquemines LNG, LLC ("Venture Global") arising out of a workplace injury.[1] Defendant removed the matter to this Court on diversity grounds. Plaintiff alleges that, on November 10, 2023, she slipped and fell as she exited a guard shack located at the Plaquemines liquid natural gas liquefaction and export facility ("the LNG Facility") owned by Defendant Venture Global. At the time of her accident, Williams was working as a security guard for Stratigos Dynamics, Inc. ("Stratigos") at the LNG Facility. Plaintiff

---

[1] Defendants Stratigos Dynamics, Inc. and Starr Indemnity and Liability Company were previously dismissed from this matter. Docs. 13, 22.

1

brings state law negligence claims against Venture Global for her injuries. Venture Global has filed the instant Motion for Summary Judgment, arguing that the claims against it should be dismissed because it is Plaintiff's statutory employer and therefore her sole remedy lies in workers' compensation benefits under the Louisiana Workers' Compensation Law ("LWCL"). Plaintiff opposes.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a

---

[2] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

The LWCL provides employers immunity from tort liability for injuries their employees suffer in the course and scope of employment.[10] When an employer enters into a contract with a "principal" to perform the principal's work, and the principal qualifies as a "statutory employer" under the LWCL, tort immunity extends to the principal.[11] Louisiana Revised Statutes § 23:1061 establishes the requirements that a principal must meet to qualify as a statutory employer.[12] The statute provides, in relevant part, that:

> [A] statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which

---

[7] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[10] LA. REV. STAT. § 23:1032.

[11] See id. § 1061; see also id. § 23:1032(A)(2) (defining "principal" as used in § 1061).

[12] Id. § 23:1061.

3

recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.[13]

The relationship between Venture Global and Plaintiff's immediate employer, Stratigos, was governed by a Master Service Agreement, which provided that Stratigos employees would be covered by the LWCL; that Venture Global was the statutory employer of Stratigos' employees; and that the work performed under the MSA was an integral part of Venture's ability to generate its goods, products, and services.[14] Accordingly, pursuant to § 23:1061(A)(3), because the MSA recognizes a statutory employer relationship, there is a rebuttable presumption of a statutory employer relationship between Venture Global and Plaintiff. To overcome this presumption, Plaintiff must show that Stratigos' work "is not an integral part of or essential to the ability of" Venture Global to generate its "goods, products, or services."[15]

The Louisiana legislature has specifically rejected a restrictive application of the LWCL "in favor of a more liberal interpretation of the words 'integral' and 'essential.'"[16] Louisiana courts have found even work that is ancillary to the statutory employer's operations may nevertheless be essential

---

[13] *Id.*
[14] Doc. 26-4.
[15] LA. REV. STAT. § 23:1061(A)(3).
[16] Ramos v. Tulane Univ. of Louisiana, 951 So. 2d 1267, 1270 (La. App. 4 Cir. 2007).

and integral to those operations.[17] "Indeed, this Court and the Fifth Circuit have also construed the statute liberally to find even the most peripheral tasks by a contractor for its statutory employer to be essential and integral to the employer's ability to generate its services."[18]

In light of this expansive reading of "integral" and "essential," the court in *Oliver v. Day & Zimmerman* had "no difficulty concluding that the provision of security services in indeed essential" to a petroleum refinery's operations.[19] Similarly, in *Jackson v. Conoco Phillips Company*, another section of this court found that the security services provided by the plaintiff's employer were essential and integral to the operations of an oil refinery.[20]

Here, the basic facts are not disputed. Stratigos provided security services to Venture Global for its LNG Facility by monitoring and controlling the access points and ensuring that only authorized personnel entered the facility. Plaintiff provided security services at the guard station located at Gate 1 of the LNG Facility. The Facility was under construction at the time of Plaintiff's fall and was therefore not actively producing liquid natural gas. The construction involved the use of heavy equipment and potentially dangerous material, such as hydrocarbons.

Venture Global argues that these security services were necessary to safely construct the LNG Facility and are required by federal and state

---

[17] *Id.*

[18] Hodges v. The Mosaic Co., No. 05-5201, 2007 WL 2008503, at *3 (E.D. La. July 6, 2007), *aff'd sub nom.* Hodges v. Mosaic Fertilizer LLC, 289 F. App'x 4 (5th Cir. 2008).

[19] Oliver v. Day & Zimmermann, No. 05-3072, 2006 WL 508047, at *2 (E.D. La. Feb. 22, 2006).

[20] Jackson v. Conoco Phillips Co., No. 10-4629, 2011 WL 3754652, at *3 (E.D. La. Aug. 24, 2011).

regulations and permitting requirements. Plaintiff argues that this case is distinguishable from *Oliver* and *Jackson* because the facility was under construction at the time of her injury and not actively producing liquid nitrogen gas. Plaintiff does not, however, provide any argument or present any evidence explaining how the fact that the LNG Facility was under construction changes the analysis. This Court finds this point to be a distinction without a difference. Indeed, courts have repeatedly held that construction projects are an integral part of the principal's business.[21] Construction of "[a] building or facility is obviously 'essential to the ability of [Venture Global] to generate [its] goods, products, or services" because "[w]ithout a building or facility, it would be virtually impossible for [Venture Global] to process the chemicals and produce its products for transportation and sale."[22] Therefore, it follows that if both security services and construction projects are integral to a principal's business, then so too is security for the principal's construction project. Accordingly, the court follows the decisions of *Oliver* and *Jackson* and finds

---

[21] Becker v. Chevron Chem. Co., 983 F.2d 44, 46 (5th Cir. 1993) (holding that work to replace overhead walkways was essential to Chevron's business); Salsbury v. Hood Indus., Inc., 982 F.2d 912, 917 (5th Cir. 1993) ("We believe that replacing wornout and obsolete sawmill equipment that is necessary to operate a sawmill was an integral part of Hood's business of milling and selling lumber."); Smith v. Int'l Paper Co., No. 06-0395, 2007 WL 1308390, at *1 (W.D. La. May 3, 2007) (holding that work as a welder performing maintenance and repair work during a shutdown of a paper mill was integral to papermill's business); Morgan v. Gaylord Container Corp., No. 91-2924, 1993 WL 114387, at *2 (E.D. La. Apr. 1, 1993), *aff'd*, 30 F.3d 586 (5th Cir. 1994) (holding that a project making improvements to the duct system of wastepaper recovery system was integral to paper business); Jackson v. St. Paul Ins. Co., 897 So. 2d 684, 689 (La. App. 1 Cir. 2004) (holding that construction of a new fractionation plant was integral to chemical plant's business)

[22] *Jackson*, 897 So. 2d at 689.

that the security services provided by Plaintiff and Stratigos were integral and essential to Venture Global's business.

Finally, Plaintiff argues that summary judgment is inappropriate because more factual development regarding the facility's construction and operations and the role of the security services is required. In so arguing, however, Plaintiff does not comply with Federal Rule of Civil Procedure 56(d). Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer consideration of the motion or allow the nonmovant additional time for discovery. "To justify a continuance, the Rule 56(d) motion must demonstrate (1) why the movant needs additional discovery; and (2) how the additional discovery will likely create a genuine issue of material fact."[23] The Rule 56(d) movant "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[24] Plaintiff has neither provided the Court with an affidavit nor set forth specific facts that would create a genuine issue.

Accordingly, Plaintiff has not carried her burden to overcome the rebuttable presumption that Venture Global is her statutory employer. Because Venture Global is Plaintiff's statutory employer, Plaintiff's exclusive

---

[23] Weaver v. Harris, 486 F. App'x 503, 505 (5th Cir. 2012).
[24] McKay v. Novartis Pharm. Corp., 751 F.3d 694, 700 (5th Cir. 2014).

remedy is under the LWCL, which immunizes Venture Global from the tort claims asserted here.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 18th day of February, 2026.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

8